Eastern District,
*May* 1831

PRITCHARD
ET AL.
*vs.*
LA. S. BANK.

| 2L 415 |
| 49 160 |

*PRITCHARD ET AL. vs. LOUISIANA STATE BANK.*

**APPEAL FROM THE COURT OF THE FIRST DISTRICT.**

Where the Bank undertakes the collection of a note, it becomes the agent of the depositor, and if the notary employed to protest the note, for non-payment, fails to give legal notice of protest to the endorsers, in consequence of which they are exonerated, the bank is liable for the neglect and bound to pay the amount of the note to the person depositing it for collection.

But where an agent becomes liable to pay the amount of a note, in consequence of neglect to give legal notice of protest, he is entitled to have the note, with all the remaining rights of the creditor, transferred to him.

This was an action upon a contract of agency, to obtain an indemnity from the agents, for a loss arising from their negligence. The negligence charged, was the omission to give to the endorsers due notice of the dishonour of a note. The evidence adduced on the trial is correctly stated in the opinion of the court delivered by

*Martin, J.*

The plaintiff seeks remuneration for a loss which he alleges he has sustained through the neglect of the defendant's agent, in giving notice on the protest of a note, deposited with the defendants for collection. They pleaded the general issue. The plaintiffs had judgment for costs incurred in prosecuting one of the parties on the note, and appealed.

There were four endorsers on the note, when it came to the plaintiff's hands——Lawrence, Chambers, Scott, and Hamilton.

The evidence shows that the plaintiffs brought a suit against the two last endorsers, and failed against one, because he relied on the notary's certificate, which did not state the post-office in which the notice was put. *Pritchard* vs. *Hamilton,* 6 *Martin, N. S.* 456; against the other, because the notice had been left in the post-office at Baton-Rouge—an office to which the endorser was in the habit of sending for his letters and papers.—*Pritchard* vs *Scott,* 7 *id.* 491.—Of the two other endorsers, one of them has removed

Eastern District,
May 1831.

PRITCHARD
ET AL.
vs.
LA. S. BANK.

out of the State, and the notice to the other is liable to the same objection as that to Scott.

The district judge appears to have been of opinion that the plaintiff had not shewn that he sustained any damage, beyond the amount of the costs, in the suits against two endorsers. He gave judgment therefor, and reserved to the plaintiff his right of recovery for such damages, as he might show to have finally resulted from the neglect of the bank or its agent.

We think he erred. The plaintiff clearly shows he failed to recover against Scott, and he is unable to recover from Chambers, because the legal notice was not given to either of them, and his recovery against Chambers has become, at least, more difficult, by the removal of Chambers out of the State. He had the security of four endorsers; it is clear he has lost that of two, by the neglect of the bank. This loss is certainly an injury for which he has a right to a compensation. Had the bank given due notices to these two endorsers, it is clear the plaintiff would have obtained judgment against them, and very probably his money, and he would not be subjected to the risk, delay, and inconvenience of sending his note to a distance, to have Chambers sued on.

But the counsel of the bank urges that on payment of the amount of the note, the bank ought to be entitled to all the plaintiff's rights and claims thereon; that owing to the neglect of the plaintiff, or of his attorney, his right on Hamilton is lost, there being judgment in favour of the latter. It appears the attorney depended for proof of notice, on a notary's certificate, evidently defective on its face, while the defect might have been cured by the examination of the notary as a witness;—be that as it may, the plaintiff was only bound to transfer his rights to the bank, on receiving payment. The loss of the recourse on Hamilton, is not proven, for it is not shown that the testimony of the notary could have prevented it, and, if it was, it is far from being

*Where the bank undertakes the collection of a note, it becomes the agent of the depositor, and if the notary employed to protest the note for non payment, fails to give legal notice of protest to the endorsers, in consequence of which they are exonorated, the bank is liable for the neglect and bound to pay the amount of the note to the person depositing it for collection.*

*But where an agent becomes liable to pay the amount in consequence of neglect to give legal notice of protest, he is entitled to have the note, with all the remaining rights of the creditor transferred to him.*

Eastern District,
*May* 1831,

PRITCHARD
ET AL.
*vs.*
LA. S. BANK.

clear that the defendants, on paying damages, would not be obliged to be satisfied with a subrogation of the plaintiff's rights, as existing at the time of payment, even if diminished by the neglect of his agents, provided they were not so by fraud.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and proceeding to give such a judgment as, in our opinion, ought to have been given below, it is ordered, adjudged and decreed, that the plaintiff recover from the defendants the sum of fifteen hundred and seventy-seven dollars and ninety-two cents, with interest at the rate of five *per cent.* from the date of the protest, and the further sum of ninety-four dollars and fifty cents, for his costs in the two suits brought against the endorsers, with costs in both courts. But execution is not to issue on the judgment till the plaintiff shall have delivered to the defendants, or deposited in the office of the clerk of the District Court, the note mentioned in the petition, together with a cession or transfer of all his rights thereon.