ARMINGTON'S EXECUTOR *vs.* GAS LIGHT AND BANKING CO.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where a bank receives a bill of exchange for collection, and fails to demand payment of the acceptor or maker, and not using the ordinary diligence to secure the liability of the parties to it, they make it their own, and become liable to the owner for the amount.

This is an action against the Gas Bank, to render it liable for failing and neglecting to have a certain bill of exchange, deposited with them for collection, presented to the acceptor for payment at maturity, and in not giving the proper or necessary notice to secure the liability of the parties to it. It appears that one William Cowell, on the 10th December, 1836, drew his bill for five hundred dollars, in favor of Harper, Carpenter & Co., on A. Tunstall, at Grand Gulf in Mississippi, payable four months after date. It had been accepted, and was deposited with the defendants, on the 21st March, 1837, for collection, and forwarded the next day, by mail, to the bank at Grand Gulf. A letter was received by the defendants from their correspondent at Grand Gulf, the 31st March, in which it did not appear that their letter, enclosing the draft or bill, had been received. On the 21st May following, another letter was received, informing the defendants that he was apprehensive that some letters of theirs had miscarried. In June, the defendants forwarded the second of exchange, and on the 28th, it was presented to the acceptor, and protested for non-payment; the draft having become due the 13th April, previously. It was admitted that the first of exchange was lost, in its transmission by mail, though regularly deposited in the post-office. It was also admitted, the agent of the owner of the bill (who deposited it for collection) called frequently on the defendants, between the maturity of the bill and the 28th June, to ascertain if the money had been paid; and it was also conceded, that the acceptor stopped payment, and became insolvent, between the 13th April, the maturity of

the bill, and the 28th June, when the second of exchange <span style="float:right">EASTERN DIST.</span> was presented for payment. The bill was received by the <span style="float:right">*May,* 1840.</span> defendants for collection, in the ordinary course of business.

ARMINGTON'S
EXECUTOR
*vs.*
GAS LIGHT AND
BANKING CO.

The defendants denied their liability, and averred that they used all due and proper diligence to have the draft collected.

Upon these facts and issues, there was judgment for the plaintiff, and the defendants appealed.

*C. A. Jones,* for the plaintiff, contended, that the defendants had made themselves liable, for their gross negligence, in not having the bill duly presented and protested, in order to secure payment from the parties to it.

*Sterret,* contra.

*Simon, J.,* delivered the opinion of the court.

This is an action instituted against the New-Orleans Gas Light and Banking Company, to recover from this corporation, the amount of a bill of exchange deposited for collection by plaintiff's agent. It is alleged in the petition, that the defendants failed to demand payment of the bill, did not use the ordinary diligence to obtain the money from the acceptor or maker of the bill, or to secure their liability; and did not even give to the other parties such notice as might have given them an opportunity to obtain security from those to whom they were entitled to look for payment.

It is admitted in the statement of facts, that the bill was received by defendants for collection, in the ordinary course of business, and without any other contract for diligence or liability than what orginates from, and is governed by the "*Law Merchant.*" There was judgment in the District Court in favor of the plaintiff, and the defendants appealed.

From the facts of the case, it appears to us that the district judge decided correctly in making the defendants liable for the consequences of their negligence; it was certainly in their power to use more diligence than they have done, and had they been the real holders of the bill, we are not ready to say that they could have looked to the plaintiff or his agent for

<span style="float:right">Where a bank receives a bill of exchange for collection, and fails to demand payment of the acceptor or maker; and not using the ordinary diligence to secure the liability of the parties to it, they make it their own and become liable to the owner for the amount.</span>

EASTERN DIST.
May, 1840.

payment. It is clear, that by failing *to* demand payment, and not using the ordinary diligence to secure the liability of the parties to the bill, the defendants have made it their own, and have become liable to the owner for the amount. 1 *Peters' Reports,* page 25.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.