No. 2693.—E. EICHELBERGER v. GEORGE A. PIKE.

In a suit to enforce payment of a note against a banker in whose hands it had been placed for collection, who had failed to have it protested, whereby the indorser was discharged, the execution against the original maker with the return of the sheriff that no property was found, together with the certificate of the recorder that the maker of the note had no property standing in his name in the parish of his domicile are admissible in evidence to show that the maker of the note was insolvent.

The indorser of a promissory note before maturity, made payable to himself, is bound to the holder as indorser, under the law merchant, and not as an ordinary surety.

The right to recover of a banker for failing to protest a note whereby the indorser is discharged, is only prescribed by ten years. C. C. 3508.

APPEAL from Fifth Judicial District Court, parish of East Baton Rouge. *Posey*, J. *J. C. Stafford*, for plaintiff and appellee. *Fuqua & Calliham*, for defendant and appellant.

TALIAFERRO, J. The plaintiff seeks in this action to render the defendant, who is a banker, liable for $921 20, the amount of a promissory note placed in the hands of the latter for collection, who, failing to have the note protested at its maturity, recourse was lost upon the indorser, the only solvent party to the note. The defendant pleads prescription of one year. The plaintiff had judgment, and the defendant appeals.

The defendant has two bills of exceptions in the record. The first is to the admission in evidence of a writ of *fieri facias* issued on a judg-

ment obtained in the parish of West Baton Rouge, by the plaintiff in this suit, against Dubroca, the maker of the note in relation to which the defendant in this suit is sued. The execution shows, with sufficient certainty, that it was issued to enforce payment of the same note, and the return upon it shows that no property of Dubroca was found, and none pointed out to the sheriff for seizure. The admission of the evidence, we think, was proper. The plaintiff, by the terms of his action, had to show that the indorser of the note was his only reliance for payment, and it was competent for him to show that he had used the appropriate means to recover the debt from the maker, without effect. No attempt was made, in rebuttal, to show that the drawer was solvent.

The second bill of exceptions was to the admission of the recorder's certificate to the effect that, by the records of the parish of West Baton Rouge, the domicile of Dubroca, it did not appear that he owned any property in that parish, and that there was of record in that parish a judicial mortgage against Dubroca in favor of Mrs. Cade for $19,286 91.

This objection to the evidence goes more to its effect, we imagine, than to its admissibility; and, in connection with the execution and return, was properly received.

The defendant argues that the plaintiff, by his pleadings, fixes the character of Lefever as surety on the note, and therefore no protest of the note was necessary to hold him, and that no injury arises from failure to protest. It is true the plaintiff makes the averment in his petition, that "Lefever, the surety, is solvent and able to pay the note;" but the very next allegation is, that by the negligence of the said Pike, banker, by not protesting the said note at maturity, the solvent surety, Lefever, was released from the payment of the note.

The note is drawn by Dubroca, to the order of Lefever, and indorsed in blank by him, before maturity. The note is made part of the petition, and obviously the obligation of Lefever was that of an indorser under the law merchant, and not that of an ordinary surety. The *gravamen* is the failure of Pike to have protest made, and the resulting loss of recourse upon Lefever. The meaning and purport of the whole is not to be mistaken, although the term "surety" is used by the plaintiff. Lefever desired protest to be made, if the note should not be paid when due, and he states in his testimony that "Mr. Pike, sometime after, told me he had grumbled a good deal with Mr. Skolfield for having neglected to protest the note, and asked me to see Dubroca, and get him to correspond with plaintiff, and see if some arrangement could be effected."

The plea of prescription of one year is not applicable in this case. The agent's obligation to his principal is a personal one, and subject to the prescription of ten years. C. C. 3508. The liability of a

banking establishment that receives notes for collection, and fails to use the proper diligence to fix the liabilities of the parties to such instruments, is well settled.   2 La. 416 ; 15 La. 414 ; 3 N. S. 344.

It is therefore ordered, adjudged and decreed that the judgment of the district court to affirmed, with costs in both courts.